# MINUTE ORDER

CASE NUMBER:         CIVIL NO. 19-00604 LEK-WRP

CASE NAME:           in re: Fish N Dive LLC et al.,

JUDGE:    Leslie E. Kobayashi       DATE:       11/23/2020

COURT ACTION:   EO: COURT ORDER: 1) GRANTING IN PART AND DENYING IN PART CLAIMANTS'-IN-LIMITATION EMERGENCY *EX PARTE* MOTION TO DELAY ENTRY OF JUDGMENT AND TO SHORTEN TIME FOR HEARING ON CLAIMANTS'-IN-LIMITATION MOTION TO VACATE STAY; AND 2) ISSUING NONHEARING BRIEFING DEADLINES FOR THE MOTION TO VACATE STAY

     On July 23, 2020, Claimants-in-Limitation James A. Liotta, as Personal Representative of the Estate of T.T., deceased; Tsogt Natsagdorj, individually and as next friend of K.T., a minor; and Enkhsuvd Batbold ("Tsogt Claimants") filed their Motion to Dismiss or for Summary Judgment for Failure by Plaintiffs-in Limitation to File Action Within Six Months of Receiving Notice of a Claim ("Motion"). [Dkt. no. 101.] On November 6, 2020, an order was issued denying the portion of the Motion seeking dismissal, but granting the portion of the Motion seeking summary judgment ("11/6/20 Order"). [Dkt. no. 116.] The 11/6/20 Order directed the Clerk's Office to enter final judgment on November 23, 2020, unless a timely motion for reconsideration was filed. [Id. at 22.]

     No motion for reconsideration of the 11/6/20 Order was filed. However, on November 20, 2020, the Tsogt Claimants filed: a Motion to Vacate Stay; and an ex parte motion to delay the entry of judgment until the Motion to Vacate Stay is resolved ("Ex Parte Motion"). [Dkt. nos. 121, 122.] The Ex Parte Motion also asks this Court to shorten time for the hearing on the Motion to Vacate Stay. On November 23, 2020, Plaintiffs-in-Limitation Fish N Dive LLC, Honu Group LLC, Honu Watersports LLC, and Matthew J. Zimmerman filed an opposition to the Ex Parte Motion. [Dkt. no. 123.] This Court finds that both the Ex Parte Motion and the Motion to Vacate Stay are suitable for disposition without a hearing, pursuant to Local Rule 7.1(c).

     The Court also finds that the Ex Parte Motion fails to establish good cause to shorten time for the consideration of the Motion to Vacate Stay. The Ex Parte Motion is therefore DENIED as to the Tsogt Claimants' request for an expedited briefing schedule and hearing on the Motion to Vacate Stay. The Motion to Vacate Stay will be decided without a hearing, and the briefing schedule will be as follows:

-any memorandum in opposition to the Motion to Vacate Stay must be filed by **December 7, 2020**; and

-if the Tsogt Claimants choose to file an optional reply in support of the Motion to Vacate Stay, they must do so by **December 21, 2020**.

The Motion to Vacate Stay will be taken under advisement thereafter.

The Ex Parte Motion is GRANTED insofar as the Clerk's Office is DIRECTED not to enter final judgment on November 23, 2020. Final judgment shall be entered when directed by this Court in its order ruling on the Motion to Vacate Stay.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager