UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In the matter of FISH N DIVE LLC, HONO GROUP LLC, HONU WATERSPORTS LLC, and MATTHEW J. ZIMMERMAN as owners of the single decked passenger vessel DIVE BARGE, Official Number 1278007, for exoneration from and/or limitation of liability,<br><br>         Plaintiffs-in-Limitation. | CIV. NO. 19-00604 LEK-WRP |

**ORDER GRANTING THE TSOGT CLAIMANTS' MOTION TO VACATE STAY**

On November 20, 2020, Claimants-in-Limitation James A. Liotta, as Personal Representative of the Estate of T.T., deceased; Tsogt Natsagdorj, individually and as next friend of K.T., a minor; and Enkhsuvd Batbold ("Tsogt Claimants") filed their Motion to Vacate Stay ("Motion"). [Dkt. no. 121.] Plaintiffs-in-Limitation Fish N Dive LLC, Honu Group LLC, Honu Watersports LLC, and Matthew J. Zimmerman (collectively "Limitation Plaintiffs") filed their memorandum in opposition on December 7, 2020, and PADI Worldwide Corporation and PADI Americas, Inc., who identify themselves as "Interested Parties" ("PADI Entities"), filed a joinder in the memorandum in

opposition on December 11, 2020.[1]  [Dkt. nos. 125, 127.]  The

Tsogt Claimants filed their reply on December 17, 2020.  [Dkt.

no. 128.]  The Court finds this matter suitable for disposition

without a hearing pursuant to Rule LR7.1(c) of the Local Rules

of Practice for the United States District Court for the

District of Hawaii ("Local Rules").  For the reasons set forth

below, the Tsogt Claimants' Motion is granted, insofar as the

judgment in this case will state that the stay is vacated,

effective forty-five days after the entry of judgment, unless

ordered otherwise.

**BACKGROUND**

The relevant factual and procedural background is set

forth in this Court's November 6, 2020 Order Granting in Part

and Denying in Part the Tsogt Claimants' Motion to Dismiss or

for Summary Judgment for Failure by Plaintiffs-in Limitation to

File Action Within Six Months of Receiving Notice of a Claim

("11/6/20 Order").  [Dkt. no. 116.[2]]  This Court granted summary

judgment in favor of the Tsogt Claimants because the Limitation

Plaintiffs' failure to initiate a limitation action within six

---

[1] The PADI Entities refer to their filing as a substantive joinder, but it is a joinder of simple agreement because it is not accompanied by a memorandum of law.  See Local Rule LR7.7 ("'Substantive joinder' means a joinder that is supported by a memorandum that complies with LR7.4(a) and (b) supplementing the motion or opposition joined in.").

[2] The 11/6/20 Order is also available at 2020 WL 6551212.

months after receiving a 46 U.S.C. § 30511(a) written notice of a claim precludes them from seeking exoneration or limitation of their liability for T.T.'s death.  11/6/20 Order, 2020 WL 6551212, at *8; see also id. at *1 (describing the January 5, 2019 incident that ended with T.T.'s death).

In the instant Motion, the Tsogt Claimants argue that, in light of the 11/6/20 Order, the stay imposed at the outset of this case should be lifted.  [Motion at 2.]  The Order Directing Issuance of Notice and Publication, filed on November 15, 2019 ("11/15/19 Order"), states:

> . . . IT IS FURTHER ORDERED that the continued prosecution of any and all suits, actions or proceedings which may already have begun against Plaintiffs-in-Limitation in any court whatsoever to recover damages arising out of, or occasioned by, or consequent upon the aforesaid voyage or trip of the VESSEL on or about January 5, 2019, and institution or prosecution of any suits, actions or legal proceedings of any nature description whatsoever in any court wheresoever, except in this proceeding for exoneration from or limitation of liability, against Plaintiffs-in-Limitation, and captain of the VESSEL, [Dive Barge], in respect of any claim or claims arising out of the aforesaid voyage on which the VESSEL was then engaged, or otherwise subject to limitation proceeding, be and the same are hereby are stayed and restrained, including State of Hawaii, First Circuit Court Case No. 1CC191001488, entitled: James A. Liotta, et al., Plaintiffs v. Padi Americas, Inc., et. al., and DOES 1-10, Defendants[ ("Underlying Action").]

[Dkt. no. 9 at 2-3 (emphases in original).]  The Tsogt Claimants argue that, because this Court has granted summary judgment in

their favor, they are entitled to have the stay vacated so that the Underlying Action may proceed, pursuant to the Savings to Suitors Clause of the Judiciary Act of 1789, 28 U.S.C. § 1333.

The Limitation Plaintiffs state they intend to file a notice of appeal as soon as the judgment is entered in this case. [Mem. in opp. at 1.] They therefore argue the stay imposed in the 11/15/19 Order should remain in place to preserve the status quo during the appeal because, *inter alia*, they contend they are likely to prevail on the merits of the appeal, and they would suffer irreparable harm if the Underlying Action is allowed to proceed while the appeal is pending.

## DISCUSSION

The Limitation Plaintiffs sought the stay pursuant to Supplemental Admiralty and Maritime Claims Rule ("Admiralty Rule") F. [*Ex Parte* Application for Issuance of Notice and Order, and Publication Thereof, filed 11/5/19 (dkt. no. 5).] Admiralty Rule F states, in pertinent part:

(1)  Time for Filing Complaint; Security.  Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court, as provided in subdivision (9) of this rule, for limitation of liability pursuant to statute.  The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the

4

statutes as amended; or (b) at the owner's option shall transfer to a trustee to be appointed by the court, for the benefit of claimants, the owner's interest in the vessel and pending freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended.  The plaintiff shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security.

. . . .

(3)  Claims Against Owner; Injunction.  Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease.  On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to **any claim subject to limitation in the action**.

(Emphasis added.)  Further, the 11/15/19 Order states all proceedings against the Limitation Plaintiffs related to the January 5, 2019 incident are stayed "except in this proceeding for exoneration from or limitation of liability." [11/15/19 Order at 2-3.]

While this action was pending, the Tsogt Claimants never challenged the propriety of the stay.  The sole issue before this Court in the instant Motion is whether the stay should be lifted in light of this Court's rulings in the

11/15/19 Order.[3]  Because this Court has granted summary judgment in favor of the Tsogt Claimants as to the Limitation Plaintiffs' First Amended Complaint for Exoneration from or Limitation of Liability, [filed 1/17/20 (dkt. no. 45),] there are no longer any claims subject to limitation to exoneration or limitation in this action, and this proceeding for exoneration or limitation of liability has concluded.  Thus, by the terms of Admiralty Rule F(3) and the terms of the 11/15/19 Order, the stay of other proceedings, including the Underlying Action, is no longer necessary.  Accord Doxsee Sea Clam Co. v. Brown, 13 F.3d 550, 553 (2d Cir. 1994) (noting that the district court vacated the stay of the state court liability action when it dismissed the limitation action as untimely).  The judgment in this action will therefore vacate the stay imposed in the 11/15/19 Order.[4]

---

[3] The Motion could be construed as challenging the legitimacy of the **entire** stay because the Limitation Plaintiffs failed to file this action within six months after receiving written notice of a claim.  See, e.g., Mem in Supp. of Motion at 8 ("This means . . . that the essential prerequisite for the issuance of an injunction did not exist at the time the injunction was entered.").  However, this Court declines to address that argument.

[4] This Court has previously found Doxsee Sea Clam to be persuasive.  See, e.g., 11/6/20 Order, 2020 WL 6551212, at *6. This Court recognizes that the decision to vacate the stay did not appear to be challenged on appeal, see generally Doxsee Sea Clam, 13 F.3d 550, and that the Limitation Plaintiffs intend to do so in this case.  Their intent to challenge the decision to vacate the stay is addressed infra.

The Limitation Plaintiffs essentially ask this Court to stay the portion of the judgment that will vacate the stay imposed in the 11/15/19 Order.  <u>See</u> mem. in opp. at 9-19.  Fed. R. Civ. P. 62(d) states, in pertinent part: "While an appeal is pending from [a] . . . final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  The stay would take effect when this Court rules that the bond, or other term, is adequate to secure the Tsogt Claimants' rights during the pendency of the appeal. <u>See</u> <u>United States v. Staton</u>, Civ. No. 12-00319 ACK-KSC, 2018 WL 1881252, at *15 (D. Hawai`i Apr. 19, 2018).  An argument can be made that the Limitation Plaintiffs should have waited until after the judgment was entered before filing a motion pursuant to Rule 62(d).  <u>See, e.g.</u>, <u>id.</u> ("because the [defendants] have filed a notice of appeal, Federal Rule of Civil Procedure 62(d) allows them to file a motion to obtain a stay by supersedeas bond" (citations omitted)).  It is not necessary for the Limitation Plaintiffs to do so because this Court will construe their request in their memorandum in opposition to the instant Motion as a motion for a stay of the relevant portion of the soon-to-be-entered judgment, pending appeal.

In considering the Limitation Plaintiffs' motion for a stay pending appeal, this Court must consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

See Nken v. Holder, 556 U.S. 418, 434 (2009) (quotation marks and citation omitted).  Likelihood of success and irreparable harm "are the most critical" factors.  Id.  However, the United States Supreme Court also noted:

> A stay is not a matter of right, even if irreparable injury might otherwise result.  It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case.  The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.

Id. at 433-34 (brackets, quotation marks, and citations omitted).

The Limitation Plaintiffs' arguments regarding their likelihood of success on the merits of the appeal are the same as the arguments that were presented to and/or considered by this Court in its consideration of the motion which led to the 11/6/20 Order.  See mem. in opp. at 10-16.  For the same reasons as those set forth in the 11/6/20 Order, this Court concludes

that the Limitation Plaintiffs have not met their burden to show that they are likely to succeed on the merits of their appeal. Because the Limitation Plaintiffs must establish all four of the factors identified in Nken, their failure to establish the first factor makes it unnecessary for this Court to address the remaining factors.   Therefore, the Limitation Plaintiffs' motion for a stay of the judgment pending appeal is denied.

The judgment in this case shall state that the stay imposed in the 11/15/19 Order will be vacated, effective forty-five days after the entry judgment.   This period will allow the Limitation Plaintiffs to file their notice of appeal, as well as a motion asking the Ninth Circuit to stay the judgment. See Fed. R. App. P. 8(a) (governing motions for stay pending appeal).

## CONCLUSION

For the foregoing reasons, the Tsogt Claimants' Motion to Vacate Stay, filed November 20, 2020, is HEREBY GRANTED.   The Clerk's Office is DIRECTED to enter the final judgment in this case immediately, pursuant to this Court's November 6, 2020 order granting summary judgment and the instant Order.   The judgment shall:

1) be entered in favor of the Tsogt Claimants as to the Limitation Plaintiffs' First Amended Complaint for Exoneration from or Limitation of Liability, filed January 17, 2020; and

2)   vacate the stay imposed in this Court's November 15, 2019
     order, effective forty-five days after the entry of
     judgment, unless that period is altered by any subsequent
     ruling by this Court or the Ninth Circuit relevant to the
     stay.

          IT IS SO ORDERED.

          DATED AT HONOLULU, HAWAII, January 26, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**IN THE MATTER OF FISH N DIVE LLC, ET AL., ETC; CV 19-00604 LEK-WRP; ORDER GRANTING THE TSOGT CLAIMANTS' MOTION TO VACATE STAY**